## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **THE J. M. SMUCKER COMPANY**, an Ohio Corporation, | |
| Plaintiff, | Case No. 5:25-cv-2181 |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **TRADER JOE'S COMPANY**, a California Corporation, | |
| Defendant. | |

Plaintiff, The J. M. Smucker Company ("Smucker"), for its Complaint against Trader Joe's Company, states and alleges as follows:

### NATURE OF THE ACTION

1.      Smucker's Uncrustables® sandwiches are the #1 frozen handheld brand in its category in the United States,[1] a position achieved through decades of marketing and product development costing over a billion dollars.  As a direct result of this substantial investment, consumers immediately recognize Smucker's Uncrustables sandwiches by their unique design features, which are protected by several United States Trademark Registrations as set forth in more detail below.

2.      In an effort to trade off of Smucker's valuable goodwill and Smucker's substantial investment in the valuable intellectual property associated with Uncrustables sandwiches, Defendant Trader Joe's Company has launched an obvious copycat advertised for sale at https://www.traderjoes.com/home/products/pdp/crustless-peanut-butter-strawberry-jam-sandwiches-079742 and shown below:

---

[1] *Source:* Sales Ranking Report Total US - Multi Outlet+ Syndicated data Latest 52 Week Period Ending 09-07-25 (non-breakfast).



3.       Smucker does not take issue with others in the marketplace selling prepackaged, frozen, thaw-and-eat crustless sandwiches.  But it cannot allow others to use Smucker's valuable intellectual property to make such sales.  As set forth more fully below, Defendant's actions constitute trademark infringement, trademark dilution, unfair competition, false designation of origin and deceptive trade practices entitling Smucker to damages, costs, profits and injunctive relief as authorized by the Lanham Act and Ohio law.

## PARTIES

4.       Tracing its roots to 1897 in Ohio, Plaintiff, The J. M. Smucker Company, is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at One Strawberry Lane, Orrville, Ohio.

5.       In its fifth generation of family stewardship, Smucker is proud to offer products that consumers trust for themselves and their families every day.  Today, approximately 90 percent of U.S. households have a product from the Smucker portfolio.

6.       Upon information and belief, Defendant, Trader Joe's Company ("Defendant" or "Trader Joe's"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 800 South Shamrock Avenue, Monrovia, California

91096.  Upon further information and belief, Trader Joe's operates hundreds of retail grocery stores throughout the United States, including in the State of Ohio.

7.      Upon information and belief, in connection with the sale of products in its retail grocery stores, Defendant enters into private label relationships with nationally-recognized brands to sell products in its stores with "Trader Joe's" appearing on the packaging, rather than the name of the supplier.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C.§ 1051 *et seq.*, as well as 28 U.S.C §§ 1331, 1338, and 1367.   Smucker's federal claims are predicated on 15 U.S.C. §§ 1114 and 1125, and its claims arising under the laws of the State of Ohio are substantially related to its federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.      This Court may properly exercise personal jurisdiction over Defendant because Defendant purposefully directs its business activities to residents of the State of Ohio, the complained of products are offered for sale in stores in the State of Ohio, and Defendant derives a commercial benefit from its activities in the State of Ohio.  Defendant owns and operates retail stores and conducts business at various locations within the State of Ohio, including stores in Westlake, Ohio and Woodmere, Ohio where the complained of sales are taking place. Defendant's actions are causing harm to Smucker and its business in the State of Ohio.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

**The Famous Uncrustables Design Marks**

11.     For well over a century, the Smucker's brand has been helping to make meals and snacks more delicious.  Smucker is proud to make great tasting, convenient and responsibly produced food.  For more than 125 years, Smucker has maintained a commitment to meeting the highest standards of quality for its products.   As a result, the general public has come to associate high-quality goods with Smucker and Smucker's trademarks.

12.     For at least the last 20 years, Smucker has invested over a billion dollars to develop the goodwill associated with its Uncrustables brand and the trademark rights in and to the design of a round crustless sandwich, inclusive of the configuration in a round pie-like shape with distinct peripheral undulated crimping, as well as the pictorial representations of a round crustless sandwich in whole and with a bite taken out of it showing filling on the inside as shown below:





13.     Since at least as early as 1996, Smucker, by and through its predecessors, has

been using a pie-like shape with distinct peripheral undulated crimping to identify sandwich

products, as shown below:



Smucker has used the design shown above continuously since 1996 in connection with sandwich

products and its rights in and to this mark are embodied in part in U.S. Trademark Registration

No. 2,623,577, a true and correct copy of which is attached as Exhibit A and, by this reference, is

incorporated.

14.     The Registration shown in Exhibit A is valid and has become incontestable

pursuant to 15 U.S.C. § 1065.

15.     The Trademark reflected in Exhibit A has not been licensed to Defendant for use

in any manner whatsoever.

16.     Since at least as early as 1996, Smucker has been using a pictorial representation of a round crustless sandwich to identify food products as shown below:



Smucker has used the design shown above continuously since 1996 in connection with sandwich products and its rights in and to this mark are embodied in part in U.S. Trademark Registration No. 2,883,529, a true and correct copy of which is attached as Exhibit B and, by this reference, is incorporated.

17.     The Registration shown in Exhibit B is valid and has become incontestable pursuant to 15 U.S.C. § 1065.

18.     The Trademark reflected in Exhibit B has not been licensed to Defendant for use in any manner whatsoever.

19.     Since at least as early as 2000, Smucker has been using a two-dimensional pictorial representation of a round crustless sandwich with a bite taken out of it showing filling on the inside to identify sandwich products as shown below:



Smucker has used the design shown above continuously since 2000 in connection with sandwich products and its rights in and to this mark are embodied in part in U.S. Trademark Registration No. 5,941,408, a true and correct copy of which is attached as Exhibit C and, by this reference, is incorporated.

20.     The Trademark reflected in Exhibit C is valid and has not been licensed to Defendant for use in any manner whatsoever.

21.     Smucker also has rights that date back to at least February 2024 in and to a mark that consists of a round crustless sandwich representing a body, with a crescent shape representing a mouth, and with eyes, eyebrows, arms, legs and shoes to identify sandwich products as shown below:



Smucker's rights to the mark shown above are embodied in part in U.S. Trademark Registration No. 7,871,982, a true and correct copy of which is attached as Exhibit D and, by this reference, is incorporated.

22.     The Trademark reflected in Exhibit D is valid and has not been licensed to Defendant for use in any manner whatsoever.

23.     The Trademarks described in paragraphs 13-22 above are referred to herein collectively as the "Uncrustables Design Marks."

24.     The Uncrustables Design Marks are valid, enforceable, non-functional, distinctive and signify to members of the consuming public products that come from Smucker which are manufactured to the highest standard of quality.

25.     Since 1996, Smucker's Uncrustables sandwiches have gained widespread popularity with many types of consumers, but are particularly helpful for parents preparing lunches as shown on the website https://www.smuckersuncrustables.com/articles/quick-easy-lunch-ideas-for-kids: "Uncrustables® sandwiches require literally ZERO prep. You just take them out of the freezer in the morning, and they're thawed and ready to eat by lunchtime. So, they're perfect for school and other on-the-go occasions."

26.     Smucker uses the Uncrustables Design Marks to promote its high quality sandwich products on its website, on social media, on product advertisements, through in-store advertisements and on television, examples of which are shown below:





https://www.facebook.com/share/17LdcfcEJW/



https://www.instagram.com/reel/DNmNKm2gLoF/?utm_source=ig_web_copy_link&igsh=MWl1bDhraW02bzBzag



https://www.instagram.com/p/DMsb1nAu8oS/?utm_source=ig_web_copy_link&igsh=NW02aGU0Z2cwejlz



*See also*
https://www.facebook.com/draftkings/posts/pfbid0Q5aR16YEhVcXnsZKQAGzwMMkBefrxqYfYSfayHZo5u57XwRgy9fjERjm5Sa3xvy7l.

27.     Smucker's Uncrustables sandwiches are sold in thousands of retail stores across the country.

28.     Because of the substantial demand and popularity, Uncrustables sandwiches come in multiple flavors and varieties, including the Uncrustables Peanut Butter & Grape Jelly Sandwich; the Uncrustables Peanut Butter & Strawberry Jam Sandwich; the Uncrustables Peanut Butter & Raspberry Spread Sandwich; the limited edition Uncrustables Berry Burst Peanut

Butter & Mixed Berry Spread Sandwich; the limited edition Uncrustables PB Choco Craze

Peanut Butter & Chocolate Flavored Hazelnut Spread Sandwich; the new Uncrustables Up &

Apple Peanut Butter & Apple Cinnamon Jelly Sandwich; the new Uncrustables Bright-Eyed

Berry Peanut Butter & Strawberry Jam Sandwich; the Uncrustables Chocolate Flavored Hazelnut

Spread Sandwich; the Uncrustables Peanut Butter & Honey Spread Sandwich; the Uncrustables

Peanut Butter Sandwich; the Uncrustables Reduced Sugar Peanut Butter & Grape Spread

Sandwich on Wheat; and the Uncrustables Reduced Sugar Peanut Butter & Strawberry Spread

Sandwich on Wheat, examples of which are shown below:

   

   

   

29.    Additional images can be seen on the Smucker web site located at

https://www.smuckersuncrustables.com/sandwiches as shown below:



30.     Smucker devotes a significant amount of time, energy and resources toward protecting the value of its Uncrustables brand and products and its efforts have yielded great rewards.  As a direct result of significant time and investment, Smucker's Uncrustables branded products have grown over the past 20 years and the Uncrustables products are fast on their way to being a $1 billion brand.  Smucker produces approximately 1.5 billion Uncrustables sandwiches annually at three manufacturing facilities in Kentucky, Colorado (opened in 2019), and Alabama (opened in 2024).  Uncrustables sandwiches are recognized and enjoyed everywhere from school cafeterias to the National Football League.[2]

31.     As a direct result of the time and effort promoting the Uncrustables Design Marks, Smucker's customers, its competitors and the consuming public have come to associate the high quality sandwiches offered by Smucker with its use of the Uncrustables Design Marks.

32.     Smucker's Uncrustables sandwiches have come to be widely and favorably recognized and celebrated by members of the consuming public, and as a direct result of

---

[2] *See* "Wait, NFL players eat how many Uncrustables?"  https://www.nytimes.com/athletic/5854102/2024/10/24/uncrustables-nfl/

Smucker's substantial investment in and to the Uncrustables Design Marks, they have become famous trademarks.

33.    The fame and popularity of  Uncrustables sandwiches and the Uncrustables Design Marks is not without cost as evidenced by the number of copycats that have tried to enter the marketplace and trade off of Smucker's substantial investment, including Defendant.

**Defendant's Infringing Conduct**

34.    In connection with the "back to school" product offerings of late summer, and in an obvious attempt to trade off of the fame and recognition of the Uncrustables Design Marks, Defendant recently introduced a round, crustless sandwich with a crimped edge that Defendant is marketing with a bite taken out of it on the packaging that mimics the Uncrustables Design Marks (the "Infringing Marks" and "Infringing Trade Dress") as shown in the photographs below:

 

35.    Not only do the Infringing Marks and Infringing Trade Dress mimic the Uncrustables Design Marks, but out of all the colors that could be chosen, Defendant chose packaging that prominently features the same color blue that Smucker uses and has trademark rights in and to as shown, in part, in United States Trademark Registration No. 7,799,903

covering the word "UNCRUSTABLES" in blue stylized letters and United States Trademark

Registration No. 7,443,335 for the stylized script of the word "UNCRUSTABLES" in blue with

black and white shadowing around the word, true and correct copies of which are attached

respectively hereto as Exhibits E and F respectively.

36.     Smucker's rights in and to the color blue in connection with sandwich products as

shown in Exhibits E and F are valid and have not been licensed to Defendant for use in any

manner whatsoever.

37.     There are many other commercially viable ways to offer a competitive product

without mimicking, copying, or otherwise trading upon the goodwill associated with Smucker's

Uncrustables Design Marks or using packaging that mimics the colors Smucker uses in

connection with the marketing and sale of Uncrustables sandwiches.

38.     Not surprisingly, because of Defendant's use of the Infringing Marks and

Infringing Trade Dress, members of the consuming public have already been deceived into

believing that Defendant's product is in some way sponsored by, originates from or is affiliated

with Smucker, when, in fact, it is not, as shown by some examples below:





39.     In a recent article appearing at https://www.yahoo.com/lifestyle/food-drink/article/nfl-players-love-uncrustables-how-does-the-classic-stack-up-against-higher-protein-pbj-dupes-143418416.html, the author made specific mention of the confusion and deception arising out of Defendant's unlawful use of the Uncrustables Design Marks noting that: "[t]he Trader Joe's version *was initially the most deceptive because of its shape*. Like Uncrustables, the snack is round with a crimped edge." (emphasis supplied).  This confusion is not a surprise given Defendant's prominent use of the Uncrustables Design Marks.  Moreover, Defendant willfully exacerbates the confusion by: (a) minimizing the reference to "Trader Joe's" on the carton, using a smaller font size and muted color compared to the surrounding text, and (b) omitting the reference to "Trader Joe's" entirely from the individual product wrapper itself.

40.     Defendant's conduct was and is knowing, intentional, willful and contrary to law.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement 15 U.S.C. §§ 1114 and 1125)

41.     Smucker hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.    Smucker owns the exclusive rights to the Uncrustables Design Marks and Smucker's use of the Uncrustables Design Marks predates that of Defendant.

43.    Smucker has not authorized Defendant to use the Uncrustables Design Marks.

44.    Notwithstanding Smucker's well known and prior rights in and to the Uncrustables Design Marks, Defendant has, with actual and constructive notice of Smucker's rights, and long after Smucker established its rights to the Uncrustables Design Marks, adopted and used the Uncrustables Design Marks in conjunction with the manufacture, purchase, distribution, offer for sale, or sale of food products in interstate commerce.

45.    Defendant's use of the Uncrustables Design Marks without the authorization of Smucker has and is likely to continue to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Smucker.

46.    Defendant's use of the Uncrustables Design Marks without the authorization of Smucker is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Smucker's goods and the sponsorship or endorsement of those goods by Defendant.

47.    Such confusion, mistake or deception has occurred as a direct result of Defendant's use of the Uncrustables Design Marks in connection with the display, advertising and promotion of the sale of crustless sandwich products.

48.    Despite the fact that Defendant has actual knowledge of Smucker's rights in and to the Uncrustables Design Marks, Defendant has used, and upon information and belief, will continue to use the Uncrustables Design Marks in complete disregard of Smucker's rights.

49.     Defendant has misappropriated Smucker's substantial rights in and to the Uncrustables Design Marks.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Smucker, enjoy the selling power of the Uncrustables Design Marks, allow Defendant to improperly blunt and interfere with Smucker's continued promotion and expansion of its Uncrustables Design Marks, and allow Defendant to palm off products as those being produced by, sponsored by or authorized by Smucker.

50.     Upon information and belief, the complained of conduct has been done with full knowledge of Smucker's rights and with the intention of deceiving and misleading the public and causing harm to Smucker.

51.     Defendant's infringing activities will continue to cause irreparable injury to Smucker if Defendant is not restrained and enjoined by the Court.

52.     As a direct and proximate result of Defendant's unlawful conduct, Smucker has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a))**

53.     Smucker hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.     Smucker owns the exclusive rights to the Uncrustables Design Marks and Smucker's use of the Uncrustables Design Marks predates that of Defendant.

55.     Smucker has not authorized Defendant to use the Uncrustables Design Marks.

56.     Notwithstanding Smucker's well known and prior rights in and to the Uncrustables Design Marks, Defendant has, with actual and constructive notice of Smucker's

rights, and long after Smucker established its rights to the Uncrustables Design Marks, adopted and used the Uncrustables Design Marks in conjunction with the manufacture, purchase, distribution, offer for sale, or sale of food products in interstate commerce.

57.     Defendant's use of the Uncrustables Design Marks without the authorization of Smucker is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Smucker.

58.     Defendant's use of the Uncrustables Design Marks without the authorization of Smucker is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Smucker's goods and the sponsorship or endorsement of those goods by Defendant.

59.     Such confusion, mistake or deception has occurred as a direct result of Defendant's use of the Uncrustables Design Marks in connection with the display, advertising and promotion of the sale of crustless sandwich products.

60.     Despite the fact that Defendant has actual knowledge of Smucker's rights in and to the Uncrustables Design Marks, Defendant has used, and upon information and belief, will continue to use the Uncrustables Design Marks in complete disregard of Smucker's rights.

61.     Defendant has misappropriated Smucker's substantial rights in and to the Uncrustables Design Marks.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Smucker, enjoy the selling power of the Uncrustables Design Marks, allow Defendant to improperly blunt and interfere with Smucker's continued promotion and expansion of its Uncrustables Design Marks, and allow

Defendant to palm off products as those being produced by, sponsored by or authorized by Smucker.

62.     Upon information and belief, the complained of conduct has been done with full knowledge of Smucker's rights and with the intention of deceiving and misleading the public and causing harm to Smucker.

63.     Defendant's infringing activities will continue to cause irreparable injury to Smucker if Defendant is not restrained and enjoined by the Court.

64.     As a direct and proximate result of Defendant's unlawful conduct, Smucker has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Trademark Dilution 15 U.S.C. § 1125(c))

65.     Smucker hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

66.     As a result of Smucker's continuous promotion of its products in conjunction with its Uncrustables Design Marks, and the substantial investment in building the strength and recognition of the Uncrustables Design Marks, the Uncrustables Design Marks have become recognized as distinctive and famous marks in accordance with the standard set forth in 15 U.S.C. § 1125(c).

67.     Defendants began using the Uncrustables Design Marks in connection with the sale of sandwich products after the Uncrustables Design Marks became famous.

68.     Defendant's use in commerce of the Uncrustables Design Marks has caused dilution of the distinctive quality of the marks.  Defendant's action of dilution are blurring the

distinctiveness of the Uncrustables Design Marks and tarnishing the distinctiveness of the Uncrustables Design Marks.

69.     By reason of Defendant's acts complained of herein, Defendants are diluting, disparaging, and blurring the distinctiveness of the Uncrustables Design Marks by lessening the capacity of Smucker's famous trademarks to identify and distinguish Smucker's products in violation of 15 U.S.C. § 1125(c).

70.     Upon information and belief, the complained of conduct has been done with full knowledge of Smucker's rights and with the intention of trading upon Smucker's reputation or to cause dilution of the Uncrustables Design Marks.

71.     Defendant's unlawful activities will continue to cause irreparable injury to Smucker if Defendant is not restrained and enjoined by the Court.

72.     As a direct and proximate result of Defendant's unlawful conduct, Smucker has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

### FOURTH CLAIM FOR RELIEF
**Violation of the Ohio Deceptive Trade Practices Act**
**Ohio Rev. Code §4165 et seq.**

73.     Smucker hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

74.     As described herein, through the course of its business in marketing and selling sandwich products and infringing the Uncrustables Design Marks, Defendant is causing a likelihood of confusion, mistake, or deception as to the source of its products and falsely suggesting such products are sponsored or approved by Smucker.  Defendant has therefore engaged in unfair competition and deceptive trade practices in violation of Ohio Revised Code § 4165.02.

75.     Defendant will continue its acts of deceptive trade practices, causing irreparable injury to Smucker, unless such activities are enjoined by this Court.

76.     As a direct and proximate result of Defendant's unlawful activities, Smucker has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement and Unfair Competition**

77.     Smucker hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

78.     This claim arises under the laws of the State of Ohio.

79.     Because of Smucker's significant use and promotion of the Uncrustables Design Marks, consumers associate and recognize the Uncrustables Design Marks as representing a single source or sponsor of sandwich products and therefore, the Uncrustables Design Marks are protectable at common law.

80.     Smucker owns and enjoys common law trademark rights in the Uncrustables Design Marks, which rights are superior to any rights that Defendant may claim.

81.     Smucker's Uncrustables Design Marks are non-functional and distinctive.

82.     Defendant's infringing use of the Uncrustables Design Marks in connection with the advertising, offer for sale, sale, and distribution of its crustless sandwich product is likely to cause confusion and, upon information and belief, has caused confusion as to the source, sponsorship, or approval of such goods in that purchasers thereof and others who see such products will be likely to mistakenly associate such products as originating with Smucker, or as being sold with the approval of or endorsement by Smucker, all to the detriment of Smucker. Such actions constitute trademark infringement and unfair competition at common law.

83.     By reason of Defendant's actions alleged herein, Smucker has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and value in its Uncrustables Design Marks unless and until Defendant is enjoined from continuing its wrongful acts.

84.     As a result of Defendant's acts of trademark infringement and unfair competition, Smucker has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Smucker prays that the Court enter an Order against Defendant as follows:

A.     Preliminarily and permanently enjoining Defendant, its officers, employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant, from:

i)     Continuing the infringing use of the Infringing Marks or Infringing Trade Dress or using any other logo, device, word mark, or trade dress that is a colorable imitation of, or is confusingly similar to, the Uncrustables Design Marks, in connection with the advertising, distribution, marketing, offering for sale, or sale of any food product without express authorization by Plaintiff;

ii)    Making any statement or representing in any manner or by any method whatsoever, which can or is likely to lead the trade or the public to believe that any products manufactured, distributed or sold by Defendant are sponsored, approved, authorized by or originate from Smucker, or

otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods;

iii)   Infringing, diluting, and/or tarnishing the distinctive quality of the Uncrustables Design Marks;

iv)   Unfairly competing with Smucker in any manner;

v)   Aiding, abetting, contributing to, or otherwise assisting anyone with infringing or diluting the Uncrustables Design Marks; and

vi)   Effecting any assignment or transfer or utilizing any other device for the purpose of circumventing or otherwise avoiding the terms of this Order.

B.   That Defendant be required to deliver up to Smucker for destruction all products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials and the like bearing or distributed under any of the Infringing Marks, Infringing Trade Dress, or any confusingly similar variations thereof, including the products and packaging shown in the Complaint.

C.   That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Smucker's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the above-mentioned requirements.

D.   That Defendant be required to account for and pay over to Smucker the profits received and the cumulative damages sustained by Smucker by reason of Defendant's unlawful acts of trademark infringement, trade dress infringement, false designation of origin, dilution, unfair competition, and deceptive trade practices herein alleged, that the amount of recovery be

increased as provided by law, up to three times, and that interest and costs be awarded to Smucker.

       E.       That the Court order restitution and/or disgorgement of Defendant's profits to Smucker.

       F.       Awarding Smucker its reasonable attorneys' fees, costs, and expenses.

       G.       Such other and further relief as the Court deems just, equitable and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Smucker demands a trial by jury on all issues so triable.

Dated: October 13, 2025                    Respectfully submitted,


                                           */s/ Meredith M. Wilkes*
                                           Meredith M. Wilkes (0073092)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, OH 44114
                                           (216) 586-3939
                                           (216) 579-0212 (facsimile)
                                           mwilkes@jonesday.com

                                           *Attorney for The J.M. Smucker Company*