# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**THE J. M. SMUCKER COMPANY**,
an Ohio Corporation,

       Plaintiff,

  v.

**TRADER JOE'S COMPANY**,
a California Corporation,

       Defendant.

Case No. 5:25-cv-2181

Judge John R. Adams

# PLAINTIFF THE J. M. SMUCKER COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRADER JOE'S COMPANY'S <u>MOTION TO DISMISS AND/OR TO TRANSFER VENUE</u>

# TABLE OF CONTENTS

**Page**

I.      BRIEF STATEMENT OF THE ISSUES TO BE DECIDED ............................ 1

II.     INTRODUCTION ............................................................................................ 1

III.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................... 2

     A.      Facts Relevant to Smucker's Dilution Claim ........................................... 2

     B.      Facts Relevant to Venue ........................................................................... 4

     C.      Procedural History .................................................................................... 4

IV.     LEGAL STANDARDS ................................................................................... 4

     A.      Motion to Dismiss Standard ..................................................................... 4

     B.      Venue Transfer Standard .......................................................................... 5

V.      SMUCKER HAS SUFFICIENTLY PLEADED A TRADEMARK
     DILUTION CLAIM ......................................................................................... 6

     A.      Smucker Plausibly Alleges Fame ............................................................. 6

     B.      Smucker's Complaint Details the Fame of the Uncrustables Design
           Marks ........................................................................................................ 7

           1.      The Complaint includes detailed allegations concerning the
                 duration, extent, and reach of advertising and publicity of
                 the Uncrustables Design Marks .................................................... 7

           2.      The Complaint includes detailed allegations concerning the
                 amount, volume, and extent of product sales under the
                 Uncrustables Design Marks .......................................................... 9

           3.      The Complaint contains detailed allegations concerning the
                 actual recognition of the Uncrustables Design Marks ............... 10

           4.      The Complaint alleges that all of the Uncrustables Design
                 Marks are federally registered ..................................................... 11

     C.      Trader Joe's Remaining Arguments Do Not Support Dismissal ............ 12

VI.     TRADER JOE'S CANNOT MEET ITS SUBSTANTIAL BURDEN TO
     SHOW THE BALANCE OF CONVENIENCE AND INTEREST OF
     JUSTICE STRONGLY FAVOR TRANSFER ............................................... 14

     A.      Venue Is Proper in the Northern District of Ohio .................................. 15

     B.      The Balance of Convenience and Interest of Justice Strongly Favor
           Smucker's Chosen Forum ....................................................................... 16

           1.      The convenience for witnesses and the ability to compel
                 unwilling witnesses factors weigh against transfer ................... 16

           2.      The location of the operative facts and the ease of accessing
                 sources of proof factors disfavor transfer .................................. 17

           3.      The interests of justice factor weighs against transfer ............... 18

           4.      The convenience of the parties does not support transfer .......... 19

           5.      Smucker's choice of forum strongly weighs against
                 transfer ....................................................................................... 20

VII.    CONCLUSION .............................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Abbott Labs. v. Revitalyte LLC*,
    744 F. Supp. 3d 894 (D. Minn. 2024) ........................................................................ 9, 10

*Acosta v. Wilmington Tr., N.A.*,
    No. 1:17-CV-1755, 2017 WL 6505812 (N.D. Ohio Dec. 20, 2017) ............................. 5, 15

*Airgas USA, LLC v. Pro2 Respiratory Servs., LLC*,
    No. 1:16-CV-00491, 2016 WL 4408788 (N.D. Ohio Aug. 19, 2016) .......................... 15, 16

*Am. Metal Stamping Co., LLC. v. Pittsburgh Pipe & Supply Corp.*,
    No. 1:21-CV-2334, 2022 WL 19349904 (N.D. Ohio June 6, 2022) ................................. 19

*American Eagle Outfitters, Inc. v. Retail Royalty Co.*,
    457 F. Supp. 2d 474 (S.D.N.Y. 2006) ............................................................................ 17

*AMF, Inc. v. Computer Automation, Inc.*,
    532 F. Supp. 1335 (S.D. Ohio 1982) ......................................................................... 17, 18

*Apex Sales Agency v. Phoenix Sintered Metals, Inc.*,
    No. 1:06-CV-01203, 2006 WL 3022987 (N.D. Ohio Oct. 23, 2006) ............................... 18

*Audi AG v. D'Amato*,
    469 F.3d 534 (6th Cir. 2006) ............................................................................................ 6

*Bacik v. Peek*,
    888 F. Supp. 1405 (N.D. Ohio 1993) ......................................................................... 16, 18

*Bd. of Regents v. KST Elec., Ltd.*,
    550 F. Supp. 2d 657 (W.D. Tex. 2008) ........................................................................... 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 4, 5, 6

*Capri Sun GmbH v. Am. Bev. Corp.*,
    595 F. Supp. 3d 83 (S.D.N.Y. 2022) .............................................................................. 12

*DISC Env't Servs., Inc. v. Usher Oil Co.*,
    343 F. Supp. 3d 705 (N.D. Ohio 2018) ..................................................................... 19, 20

*Druyan-Sagan Assocs., Inc. v. Saganworks Inc.*,
 No. 22-10810, 2023 WL 416272 (E.D. Mich. Jan. 25, 2023)............................ 7, 11, 13, 14

*First Fin. Bank v. Knapschaefer*,
 697 F. Supp. 3d 733 (N.D. Ohio 2023) .................................................... 5, 6, 16

*Gallivan v. United States*,
 943 F.3d 291 (6th Cir. 2019)................................................................ 13

*Handel's Enters., Inc. v. Schulenburg*,
 No. 4:18-CV-508, 2018 WL 3097416 (N.D. Ohio June 22, 2018)...................................... 19

*Holland v. Mercy Health*,
 375 F. Supp. 3d 819 (N.D. Ohio 2019) ........................................................ 14

*Impulsaria, LLC v. United Distribution Grp., LLC*,
 No. 1:11-CV-1220, 2012 WL 5178147 (W.D. Mich. Oct. 18, 2012)............................ 12, 13

*Int'l Union, UAW v. ALCOA*,
 875 F. Supp. 430 (N.D. Ohio 1995) .......................................................... 20

*Kaisha v. Nat. Health Trends Corp.*,
 No. 04-9028, 2005 WL 1041112 (C.D. Cal. Jan. 10, 2005)...................................... 13

*Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.*,
 No. 20-cv-4822, 2020 WL 6875178 (C.D. Cal. Oct. 23, 2020) ................................. 10

*Mansour Gavin LPA v. Exclusive Grp. Holdings, Inc.*,
 No. 1:23-CV-02105, 2024 WL 1520437 (N.D. Ohio Apr. 3, 2024)................................. 20

*Mazzella Lifting Techs., Inc. v. Farmer*,
 No. 1:16 CV 395, 2017 WL 4883238 (N.D. Ohio Jan. 20, 2017)................................. 15

*Metro Sanitation, L.L.C. v. C & R Maint., Inc.*,
 No. 05-70673, 2005 WL 1861931 (E.D. Mich. Aug. 4, 2005)........................................ 11

*MGA Entertainment, Inc. v. Dynacraft BSC, Inc.* .................................................. 13

*Monster Energy Co. v. Maple Leaf Sports & Entertainment Ltd.*,
 No. 91222422, 2021 WL 1828119, at *25 (T.T.A.B. 2021)...................................... 12

*Multilink Inc. v. Conway Corp.*,
 No. 1:23-CV-964, 2024 WL 2260635 (N.D. Ohio May 17, 2024)................................. 17

*MZ Wallace Inc. v. Fuller*,
No. 18-cv-2265, 2018 WL 4007645 (S.D.N.Y. Aug. 22, 2018) ............................................ 9

*Odom Indus., Inc. v. Diversified Metal Prods., Inc.*,
No. 1:12-CV-309, 2012 WL 4364299 (S.D. Ohio Sept. 24, 2012) ..................................... 16

*Parts.com, LLC v. Yahoo! Inc.*,
996 F. Supp. 2d 933 (S.D. Cal. 2013) ............................................................................... 9

*Pension Benefit Guar. Corp. v. Ferfolia Funeral Homes, Inc.*,
835 F. Supp. 2d 416 (N.D. Ohio 2011) .............................................................................. 5

*Picker Int'l, Inc. v. Travelers Indem. Co.*,
35 F. Supp. 2d 570 (N.D. Ohio 1998) ............................................................................... 17

*Reed Elsevier, Inc. v. TheLaw.net Corp.*,
269 F. Supp. 2d 942 (S.D. Ohio 2003) .............................................................................. 11

*Reese v. CNH Am. LLC*,
574 F.3d 315 (6th Cir. 2009) ............................................................................................. 5

*Republic Steel v. Beemac, Inc.*,
No. 5:21-CV-00103, 2022 WL 2872295 (N.D. Ohio July 21, 2022) .................................. 19

*Scotts Co. LLC v. SBM Life Sci. Corp.*,
749 F. Supp. 3d 865 (S.D. Ohio 2024) ......................................................................passim

*Symbolstix, LLC v. Smarty Ears, LLC*,
152 F. Supp. 3d 1027 (N.D. Ohio 2015) ........................................................................... 15

*TSDC, LLC v. Galvan*,
No. 1:14-CV-02699, 2015 WL 1800589 (N.D. Ohio Apr. 16, 2015) ................................. 6

*United States v. Cinemark USA, Inc.*,
66 F. Supp. 2d 881 (N.D. Ohio 1999) .......................................................................... 5, 20

*Urb. Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
No. 12 CIV. 3599, 2013 WL 866867 (S.D.N.Y. Mar. 8, 2013) ......................................... 10

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ......................................................................................................... 6

*Wamer v. Univ. of Toledo*,
27 F.4th 461 (6th Cir. 2022) ............................................................................................. 4

*Wonderful Co. LLC v. Nut Cravings Inc.*,
　　No. 21-cv-03960, 2022 WL 4585344 (S.D.N.Y. Sept. 29, 2022)........................................ 9

*YETI Coolers, LLC v. Imagen Brands, LLC*,
　　No. 1:16-CV-00578-RP, 2017 WL 2199012 (W.D. Tex. May 18, 2017).................... 6, 7, 13

**STATUTES**

15 U.S.C. § 1125 ................................................................................................ 7, 9, 10, 11

28 U.S.C § 1391 ......................................................................................................... 15

28 U.S.C. § 1404 .................................................................................................. 1, 5, 17

Lanham Act ................................................................................................................. 7

§ 43(c) of the Lanham Act ............................................................................................. 7

**RULES**

Rule 12 ............................................................................................................ 1, 4, 13

## I.   BRIEF STATEMENT OF THE ISSUES TO BE DECIDED

<u>Issue One</u>:  Whether Defendant Trader Joe's Company's ("Trader Joe's") Rule 12(b)(6) motion should be denied where Plaintiff The J. M. Smucker Company's ("Smucker") Complaint (ECF No. 1) adequately pleads a trademark dilution claim, including the fame element.

<u>Issue Two</u>:  Whether Trader Joe's motion to transfer venue under 28 U.S.C. § 1404 should be denied where venue is proper in the Northern District of Ohio and Trader Joe's does not meet its substantial burden to show that the balance of convenience and interest of justice factors strongly favor transfer.

## II.  INTRODUCTION

Smucker sells the Uncrustables® sandwich—a household staple, and, as the evidence will show, one of the most recognized food products in the country.  Following the launch of a copycat sandwich product by Trader Joe's, Smucker filed a  Complaint for trademark infringement, trademark dilution, unfair competition, false designation of origin, and deceptive trade practices. (ECF No. 1).  In response, and despite the fame of the Uncrustables sandwich design and Smucker's operation in this District for over a century, Trader Joe's filed a motion to dismiss Smucker's dilution claims and to transfer venue to California ("Motion") (ECF No. 10).

Trader Joe's does not advance any persuasive arguments warranting dismissal of Smucker's trademark dilution claim.  Nor could it.  Smucker's Complaint pleads sufficient factual allegations to support each element of the claim, including plausible allegations indicating that the trademarks at issue are famous.  The specific allegations of fame in the Complaint far surpass the plausibility standard applicable at the Rule 12 stage.  Trader Joe's merits-based arguments to the contrary do not change this conclusion and are procedurally improper at this stage of the litigation. On a Rule 12 motion, the only inquiry is whether the Complaint states a plausible dilution claim entitling Smucker to the relief it seeks—and it does.

Trader Joe's Motion to Transfer Venue fares no better.  Under well-settled case law in this Circuit, Smucker's choice of venue, where Smucker resides and where Trader Joe's operates multiple stores selling the very products Smucker is accusing, should not be disturbed.

The Court should deny Trader Joe's Motion in its entirety.

## III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   Facts Relevant to Smucker's Dilution Claim

As set forth in the Complaint, Smucker is a longstanding Ohio corporation, existing for more than 125 years.  (Complaint ("Compl."), ECF No. 1, ¶¶ 4, 11).  Smucker offers many consumer products, including Smucker's Uncrustables sandwiches, which are the #1 frozen handheld brand in the United States, *id.* at ¶ 1, and depicted in the photographs below:

 

Both inside and out of the box, Smucker's Uncrustables sandwiches are immediately recognized by consumers because of their unique design features, which include "a pie-like shape with distinct peripheral undulated crimping to identify sandwich products." (Compl. at ¶¶ 13, 16, 19, and 21).  The famous designs associated with Smucker's Uncrustables sandwiches are protected by Smucker's registered trademarks (hereinafter, the "Uncrustables Design Marks"), and shown below:

| U.S. Trademark Reg. No. 2,623,577 | U.S. Trademark Reg. No. 2,883,529 | U.S. Trademark Reg. No. 5,941,408 | U.S. Trademark Reg. No. 7,871,982 |
|---|---|---|---|
|  |  |  |  |

2

Smucker's Uncrustables sandwiches <u>and</u> its Uncrustables Design Marks are famous. (*Id.* at ¶¶ 32–33, 66). As set forth in the Complaint, Smucker produces approximately 1.5 billion Uncrustables sandwiches annually, and its Uncrustables products are "fast on their way to being a $1 billion brand." (*Id.* at ¶ 30). Moreover, "[f]or at least the last 20 years, Smucker has invested ***over a billion dollars*** to develop the goodwill associated with its Uncrustables brand ***and the trademark rights in and to the design of a round crustless sandwich*.**" (*Id.* at ¶ 12 (emphasis added)). As further alleged in the Complaint, since 1996, Smucker's Uncrustables sandwiches have gained widespread popularity with consumers because Smucker uses the Uncrustables Design Marks to promote these "high quality sandwich products on its website, on social media, on product advertisements and on television." (*See* Compl. at ¶ 26). Smucker's Uncrustables sandwiches are sold in thousands of retail stores across the country, with packaging that prominently depicts the Uncrustables Design Marks. (*Id.* at ¶ 27). Because of Smucker's "time and effort promoting the Uncrustables Design Marks, consumers have come to associate Smucker's high quality Uncrustables sandwiches with the Uncrustables Design Marks." (*Id.* at ¶ 31). And Smucker's Uncrustables sandwiches are "widely and favorably recognized and celebrated by members of the consuming public" because of Smucker's "substantial investment in and to the Uncrustables Design Marks." (*Id.* at ¶ 32).

In late summer of 2025, Trader Joe's began unlawfully trading off Smucker's goodwill and substantial investments in its Uncrustables Design Marks by selling copycat round, crustless sandwiches with crimped edges. (Compl. at ¶¶ 2–3, 34). Trader Joe's is marketing these copycat sandwiches with packaging that mimics the Uncrustables Design Marks; the packaging depicts round crustless sandwiches with crimped edges and with a bite taken out of it. (*Id.*) Trader Joe's

use of the Uncrustables Design Marks has caused dilution of the distinctive quality of the Uncrustables Design Marks.  (*Id.* at ¶ 68).

### B.   Facts Relevant to Venue

Trader Joe's is a California corporation, which operates retail grocery stores throughout the United States, notably including stores in Ohio and in this District.  (Compl. at ¶ 6).  Trader Joe's directs its business activities to Ohio residents and offers the accused products for sale in three stores in this District, including in Westlake, Ohio and Woodmere, Ohio.  (*Id.* at ¶ 9; Cahan Decl., ¶ 5).

Smucker is headquartered in Orrville, Ohio and has operated in this District for over 100 years.  (Compl. at ¶¶ 4, 11).  Its employees with knowledge of the facts underlying the claims in the Complaint, including the adoption, use, and fame of the Uncrustables Design Marks, and the development, marketing, and sales of Uncrustables sandwich products, work in this District.  (Declaration of Courtni E. Moorman ("Moorman Decl."), filed herewith, ¶ 5).  In addition, documents relating to the Uncrustables Design Marks and their fame are located and maintained in this District.  (*Id.* at ¶ 4).

### C.   Procedural History

On October 15, 2025, Smucker filed the Complaint in this case against Trader Joe's.  (*See* Compl. at ¶¶ 41–84).  On January 9, 2026, Trader Joe's moved to dismiss Smucker's dilution claim and/or to transfer this case to the Central District of California.  (*See* ECF No. 10).

## IV.  LEGAL STANDARDS

### A.   Motion to Dismiss Standard

This court is well-versed in the Rule 12(b)(6) standard.  Smucker's factual allegations are deemed true and all facts are construed in the light most favorable to Smucker.  *See Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).  Smucker is not required to provide "detailed factual allegations" in the Complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Instead, "[f]actual allegations" suffice if they "raise a right to relief above the speculative level." *Id.* Thus, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. Because of the liberal pleading standard, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle the plaintiff to relief." *Pension Benefit Guar. Corp. v. Ferfolia Funeral Homes, Inc.*, 835 F. Supp. 2d 416, 418 (N.D. Ohio 2011).

### B.   Venue Transfer Standard

Trader Joe's does not deny that venue is proper in this District, nor could it. Instead, Trader Joe's seeks a transfer pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In resolving a motion to transfer venue, the "threshold consideration" is whether the action "might have been brought" in the transferee district. *First Fin. Bank v. Knapschaefer*, 697 F. Supp. 3d 733, 736 (N.D. Ohio 2023). If so, the Court then considers "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* If the original venue is proper, "a plaintiff's choice of forum is given substantial weight," unless the defendant shows that convenience and the interests of justice "strongly favor transfer." *Acosta v. Wilmington Tr., N.A.*, No. 1:17-CV-1755, 2017 WL 6505812, at *2 (N.D. Ohio Dec. 20, 2017).

Because Trader Joe's "is the party requesting the transfer, 'it bears the burden of proof to show the factors weigh "strongly" in favor of transfer.'" *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999). Thus, "unless the balance [of the applicable factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quotation omitted).

Caselaw is well settled that a plaintiff enjoys a "*venue privilege.*"  *Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964).  And where "a change of venue serves merely to shift the inconvenience from one party to another, a change of venue is generally not warranted."  *First Fin. Bank*, 697 F. Supp. 3d at 737.  Trader Joe's cannot meet its heavy burden of showing that Smucker's choice of forum should be disturbed.

## V.   SMUCKER HAS SUFFICIENTLY PLEADED A TRADEMARK DILUTION CLAIM.

To state a trademark dilution claim, a plaintiff must allege that "its trademark is (1) famous and (2) distinctive, and that [defendant]'s use of the mark (3) was in commerce, (4) began after [plaintiff]'s mark became famous, and (5) "cause[d] dilution of the distinctive quality" of [plaintiff]'s mark."  *Audi AG v. D'Amato*, 469 F.3d 534, 547 (6th Cir. 2006).  Trader Joe's Motion takes issue with the first element only, the fame of the Uncrustables Design Marks.  Its arguments in support do not warrant dismissal.

### A.   Smucker Plausibly Alleges Fame

In what could not fairly be characterized as a bare-bones Complaint, Smucker alleges specific facts that plausibly indicate that the Uncrustables Design Marks are famous.  That is all that *Twombly* requires.  *See Twombly*, 550 U.S. at 570 (a complaint need only state "enough facts to state a claim to relief that is plausible on its face."); *see also TSDC, LLC v. Galvan*, No. 1:14-CV-02699, 2015 WL 1800589, at *1 (N.D. Ohio Apr. 16, 2015) (denying motion for judgment on the pleadings because "the factual allegations in [plaintiff]'s [c]omplaint [we]re sufficient to support all elements of the dilution claims").

Trader Joe's conflates *pleading standards* with *proof standards*.  Its Motion asks the Court to analyze the *merits* of Smucker's allegation that its Uncrustables Design Marks are famous.  (*See* Motion, ECF No. 10-1 ("Mot.") at 7–14).  But the fame of the Uncrustables Design Marks is not an issue properly decided on a motion to dismiss.  *See YETI Coolers, LLC v. Imagen Brands, LLC,*

No. 1:16-CV-00578-RP, 2017 WL 2199012, at *8-*9 (W.D. Tex. May 18, 2017) (finding plaintiff "made sufficient allegations of fame to survive a motion to dismiss" its trade dress dilution claim). Smucker is "not required to prove" fame in its Complaint. *Id.* As set forth more fully below, because the Complaint *plausibly alleges* that the Uncrustables Design Marks are famous, Trader Joe's Motion should be denied.

### B.  Smucker's Complaint Details the Fame of the Uncrustables Design Marks

Section 43(c) of the Lanham Act protects against dilution of "famous" trademarks. 15 U.S.C. § 1125(c). A mark is "famous" if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Scotts Co. LLC v. SBM Life Sci. Corp.*, 749 F. Supp. 3d 865, 874 (S.D. Ohio 2024); *see also* 15 U.S.C. § 1125(c)(2)(A). In assessing whether a mark is famous, courts consider four factors: "(1) the duration, extent, and reach of advertising and publicity of the mark; (2) the amount, volume, and extent of product sales under the mark; (3) actual recognition of the mark; and (4) whether the mark is federally registered." *Scotts Co.*, 749 F. Supp. 3d at 874; *see also* 15 U.S.C. § 1125(c)(2)(A). These factors are "non-exhaustive," and are "mere suggestions for a court to consider when determining if a mark is sufficiently famous." *Druyan-Sagan Assocs., Inc. v. Saganworks Inc.*, No. 22-10810, 2023 WL 416272, at *5 (E.D. Mich. Jan. 25, 2023). Accordingly, a "[plaintiff] can make a plausible case of fame without satisfying all the factors listed in the Lanham Act." *Id.* Nevertheless, Smucker pleads sufficient facts to support all of these factors.

### 1.  The Complaint includes detailed allegations concerning the duration, extent, and reach of advertising and publicity of the Uncrustables Design Marks.

The Complaint contains detailed allegations concerning the duration, extent, and reach of advertising and publicity of the Uncrustables Design Marks. *See* 15 U.S.C. § 1125(c)(2)(A)(i). For example, the Complaint alleges that Smucker has continuously used the Uncrustables Design Marks since 1996 and invested over a billion dollars in the last 20 years to develop the goodwill

of its "trademark rights in and to the design of a round crustless sandwich," including the configuration of the Uncrustables Design Marks. (*See* Compl. at ¶¶ 12–13, 16). The Complaint further shows that the packaging of Uncrustables sandwiches plainly depicts the Uncrustables Design Marks' round pie-like shape with distinct peripheral undulated crimping and pictorial representations of a round crustless sandwich in whole and with a bite taken out showing filling on the inside. (*See id.* at ¶¶ 28–29).

In addition, Smucker alleges that it "uses the Uncrustables Design Marks to promote its high quality [Uncrustables branded] sandwich products on its website, on social media, on product advertisements, through in-store advertisements and on television," complete with examples showing the reach of such advertising. (*Id.* at ¶ 26). Further, the Complaint alleges that because of Smucker's extensive "time and effort promoting the Uncrustables Design Marks," the consuming public has come to favorably associate the Uncrustables Design Marks with Smucker's Uncrustables branded products. (*See id.* at ¶ 31). And the Complaint specifically attributes the success of Smucker's Uncrustables branded products to Smucker's "substantial investment in and to the Uncrustables Design Marks." (*Id.* at ¶ 32).

Courts in this circuit have found similar allegations sufficient to allege fame. For example, in *Scotts Co. LLC v. SBM Life Science Corp.*, 749 F. Supp. 3d 865, 874 (S.D. Ohio 2024), the court found that the plaintiff sufficiently pleaded fame where the complaint contained, among others, allegations that the plaintiff sold its branded insecticide products throughout the U.S. displaying plaintiff's "Red Design Mark" ("a rectangular red box") since at least 2010 and spent millions of dollars promoting its product under the "Red Design Mark." The same conclusion applies here.

Trader Joe's cited cases are distinguishable. Unlike the allegations in this case, those plaintiffs' fame allegations related primarily to branded products other than the trademarks at issue.

*See, e.g.*, *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 21-cv-03960, 2022 WL 4585344, at *5 (S.D.N.Y. Sept. 29, 2022) (finding that most of plaintiff's allegations showed that the "WONDERFUL products or brand" were famous rather than the trade dress); *MZ Wallace Inc. v. Fuller*, No. 18-cv-2265, 2018 WL 4007645, at *3 (S.D.N.Y. Aug. 22, 2018) (noting that allegations of the brand's fame were not sufficient to plead the fame of plaintiffs' trade dress).

### 2. The Complaint includes detailed allegations concerning the amount, volume, and extent of product sales under the Uncrustables Design Marks.

The Complaint also contains factual allegations concerning the amount, volume, and extent of product sales under the Uncrustables Design Marks.  *See* 15 U.S.C. § 1125(c)(2)(A)(ii). Specifically, the Complaint alleges that Smucker produces 1.5 billon Uncrustables sandwiches annually and that Smucker's Uncrustables products are on their "way to being a $1 billion brand." (Compl. at ¶¶ 30, 32).  Smucker also alleges that Uncrustables sandwiches are "sold in thousands of retail stores across the country," *id.* at ¶ 27.  These statements "allege a financial value and geographical extent associated with the volume and extent of sales under the marks," and thus are plausible allegations of fame at this stage of the litigation.  *See Scotts Co.*, 749 F. Supp. 3d at 874 (finding allegations plaintiff advertised and sold its products under the Red Design Mark throughout the U.S. and made hundreds of millions of dollars in sales weighed in favor of second fame factor on a motion to dismiss); *Abbott Labs. v. Revitalyte LLC*, 744 F. Supp. 3d 894, 902 (D. Minn. 2024) (denying motion to dismiss dilution claim where plaintiff alleged it spent millions of dollars in advertising its Pedialyte product, which often featured plaintiff's Pedialyte trade dress).

None of Trader Joe's cited cases change this result.  For example, in three cases, the plaintiffs' complaints contained no (or minimal) allegations about the amount, volume, and geographic extent of sales of the products that were offered under the marks. *See, e.g.*, *Parts.com, LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933, 941 (S.D. Cal. 2013) (finding plaintiff's complaint

contained no allegations regarding how many parts it sells, it sales revenue, or where sales are made); *Deus ex Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.*, No. 20-cv-4822, 2020 WL 6875178, at *9 (C.D. Cal. Oct. 23, 2020) (finding plaintiff's complaint contained no allegations regarding the volume of its U.S. sales for products sold with the mark in dispute); *Urb. Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 CIV. 3599, 2013 WL 866867, at *6 (S.D.N.Y. Mar. 8, 2013) (finding plaintiff's complaint said nothing to tie the allegations of "overall sales, advertising expenses, and third party recognition" of its trademark to the fame of its trade dress). In this case, the Complaint alleges that Smucker produces 1.5 billion Uncrustables sandwiches annually and that Uncrustables products are on the way to becoming a $1 billion brand *because of* Smucker's "substantial investment in and to the Uncrustables Design Marks." (Compl. at ¶¶ 30, 32). Like in *Scotts Co.*, because Smucker's Complaint sufficiently ties the success of Smucker's Uncrustables products to its long use of the Uncrustables Design Marks, these allegations plausibly indicate the Uncrustables Design Marks are famous. *See Scotts Co.*, 749 F. Supp. 3d at 874; *see also Abbott*, 744 F. Supp. 3d at 902.

### 3. The Complaint contains detailed allegations concerning the actual recognition of the Uncrustables Design Marks.

Next, the Complaint contains sufficient allegations regarding the actual recognition of the Uncrustables Design Marks. 15 U.S.C. § 1125(c)(2)(A)(iii). For example, Smucker alleges that because of its extensive "time and effort promoting the Uncrustables Design Marks," the consuming public has come to favorably associate the Uncrustables Design Marks with Smucker's Uncrustables-branded products. (Compl. at ¶ 31). Smucker also alleges that its Uncrustables products are "widely and favorably recognized and celebrated" by the consuming public because of Smucker's "substantial investment in and to the Uncrustables Design Marks." (*Id.* at ¶ 32). In *Scotts Co.*, the court found similar allegations sufficient to support a finding that the plaintiff

adequately pleaded fame.  *See Scotts Co.*, 749 F. Supp. 3d at 874 (finding allegations sufficient to plead fame where plaintiff alleged it invested substantial resources in marketing its ORTHO products with the Red Design Mark, which consumers associate with plaintiff).

Moreover, the Complaint expressly alleges that the Uncrustables Design Marks are famous. (*See* Compl. at ¶¶ 33, 66).  And courts in this circuit have found such allegations sufficient to survive a motion to dismiss.  *See, e.g.*, *Metro Sanitation, L.L.C. v. C & R Maint., Inc.*, No. 05-70673, 2005 WL 1861931, at *5 (E.D. Mich. Aug. 4, 2005) ("[Plaintiff] has alleged that its dress is famous.  At the pleadings stage, this is sufficient."); *see also Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F. Supp. 2d 942, 953 (S.D. Ohio 2003) ("Having adequately pled facts supporting dilution claims, at least in theory, the [p]laintiffs deserve an opportunity to support their claims with additional facts procured through the discovery process.").

### 4. The Complaint alleges that all of the Uncrustables Design Marks are federally registered.

Finally, the Complaint alleges that all of the Uncrustables Design Marks are federally registered. (*See* Compl. at ¶¶ 13–22 (describing the U.S. Trademark Registration numbers for each mark)); *see also* 15 U.S.C. § 1125(c)(2)(A)(iv).  As such, this factor weighs in favor of finding Smucker has plausibly alleged the Uncrustables Design Marks are famous.

Trader Joe's argument that Smucker's character design mark associated with Reg. No. 7,871,982 has not achieved fame because it was registered two years ago, *see* Mot. at 13, does not change this conclusion.  Rather, Trader Joe's argument is one that should be reviewed after the close of discovery, not before it begins, particularly given the various fame factors to consider. *See generally Druyan-Sagan*, 2023 WL 416272, at *4 (finding defendant's argument that plaintiff's factual allegations relate to the fame of Carl Sagan the person, and not the SAGAN marks was "better suited for summary judgment" because "at th[e pleading] stage, it is sufficient

11

that [plaintiff] plead that its SAGAN marks, not Dr. Sagan, are famous."); *Impulsaria, LLC v. United Distribution Grp., LLC*, No. 1:11-CV-1220, 2012 WL 5178147, at *7 (W.D. Mich. Oct. 18, 2012) (noting "the [c]ourt is not concerned with [p]laintiff's likelihood of success" of dilution claim on a motion to dismiss).

### C.  Trader Joe's Remaining Arguments Do Not Support Dismissal

Trader Joe's makes four unavailing arguments contending that Smucker does not adequately allege the Uncrustables Design Marks are famous.  They are wrong.

*First*, Trader Joe's argues that Smucker cannot meet the "famous" standard for the Uncrustables Design Marks given that "seemingly well-known trade dresses and design marks" (in Trader Joe's opinion) were found not famous.  (*See* Mot. at 8).  None of Trader Joe's cited cases are on point.  In two cases, the courts addressed the merits of dilution claims on summary judgment—not at the pleading stage as is the case here—and found plaintiffs had not presented sufficient evidence to establish fame.  *See Capri Sun GmbH v. Am. Bev. Corp.*, 595 F. Supp. 3d 83, 182 (S.D.N.Y. 2022); *Bd. of Regents v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 678 (W.D. Tex. 2008).  Of course, on a motion to dismiss, "the Court is not concerned with [Smucker]'s likelihood of success" nor whether it will ultimately prevail on its dilution claim.  *Impulsaria*, 2012 WL 5178147, at *7 (denying motion to dismiss dilution claim and finding that "[t]he [c]ourt is satisfied that [p]laintiff has pleaded sufficient factual matter to state a dilution claim that is plausible on its face.").  At this stage, Smucker need only (as it did in the Complaint) state a dilution claim that is plausible on its face.  Similarly, in *Monster Energy Co. v. Maple Leaf Sports & Entertainment Ltd.*, a non-precedential Trademark Trial and Appeal Board decision, after a trial on the merits, substantial evidence in the record demonstrated the trademark opposer had not "establish[ed]" that its mark was famous.  *See* No. 91222422, 2021 WL 1828119, at *25 (T.T.A.B. 2021) (non-precedential).  Again, Smucker is not required to prove or establish fame in its Complaint;

Smucker has sufficiently alleged that the Uncrustables Design Marks are famous. *See YETI Coolers*, 2017 WL 2199012, at \*8–\*9. Trader Joe's remaining case, *MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*, fares no better. In sharp contrast to the 10 million Cozy Coupe products at issue in *MGA* are nearly a billion dollars in sales of Smucker's Uncrustables sandwiches making it the #1 frozen hand-held product in its category. (*See* Compl. at ¶¶ 1, 30).

*Second*, Trader Joe's contentions that Smucker's pleading lacks evidence to "establish fame" further show that its arguments are more appropriate for summary judgment than a motion to dismiss. (*See* Mot. at 11 (arguing for dismissal, in part, because Smucker's Complaint contains no "consumer surveys that might evidence fame"). Such arguments, like others addressed above, speak to the merits of Smucker's dilution claim and whether Smucker can prove its Uncrustables Design Marks are famous, and thus provide no basis for dismissal at this juncture. *See Druyan-Sagan*, 2023 WL 416272, at \*4; *Impulsaria*, 2012 WL 5178147, at \*7. Trader Joe's demand for consumer surveys essentially requires Smucker to prove the case at the pleadings stage, with expert analysis of such surveys. That is not what *Twombly* requires. *See Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019) ("Rule 12 does not demand 'evidentiary support'... for a claim to be plausible."); *see also Kaisha v. Nat. Health Trends Corp.*, No. 04-9028, 2005 WL 1041112, at \*4 (C.D. Cal. Jan. 10, 2005) (finding that, at the pleading stage, plaintiff was not "required to present expert testimony or survey evidence to show actual dilution").

*Third*, Trader Joe's argues that Smucker fails to allege the Uncrustables Design Marks are famous because Uncrustables products are not popular with "*all* types of consumers." (Mot. at 12). But as described above, Smucker's Complaint sufficiently pleads facts indicating that the Uncrustables Design Marks are famous and describes consumers ranging "from school cafeterias to the National Football League." (Compl. at ¶ 30). In addition, Trader Joe's points to no case

13

law indicating that a plaintiff must state some magic words—i.e., that their products are popular with "all types of consumers" in their complaint—to withstand dismissal. Regardless, sandwiches are certainly products enjoyed by all types of consumers, not a niche market.

*Fourth*, Trader Joe's argues that Smucker's dilution claim should be dismissed because Smucker has not pled fame for each of the Uncrustables Design Marks because the Complaint contains collective allegations about the Uncrustables Design Marks. (*See* Mot. at 12–13). But the Court is not required to follow the unpublished, out-of-circuit decisions cited in support of this argument. Courts in this Circuit addressing dilution claims have found collective allegations about the fame of multiple marks is sufficient to survive a motion to dismiss. *See, e.g.*, *Druyan-Sagan*, 2023 WL 416272, at *4 (addressing dilution claim where plaintiff coupled fame allegations about the "CARL SAGAN mark" and the "SAGAN mark" together as the "SAGAN marks," collectively, and finding plaintiff adequately alleged fame as to the "SAGAN marks"). And, in any event, because Smucker could cure this asserted—technical—pleading issue through an amendment to the Complaint, a dismissal with prejudice is not warranted. *See Holland v. Mercy Health*, 375 F. Supp. 3d 819, 823 (N.D. Ohio 2019) ("Sixth Circuit precedent holds that plaintiffs ought to have 'at least one chance to amend the complaint' where 'a more carefully drafted complaint might state a claim.'" (quotation omitted)).

As set forth above, Smucker sufficiently alleges facts indicating that the Uncrustables Design Marks are famous. Consequently, the Court should deny Trader Joe's Motion.

## VI. TRADER JOE'S CANNOT MEET ITS SUBSTANTIAL BURDEN TO SHOW THE BALANCE OF CONVENIENCE AND INTEREST OF JUSTICE STRONGLY FAVOR TRANSFER.

Trader Joe's motion to transfer venue fares no better. The relevant balance of factors dictate that this action remain in this Court.

14

### A.  Venue Is Proper in the Northern District of Ohio

Venue is proper in the Northern District of Ohio because a substantial part of the events giving rise to Smucker's claims occurred within this judicial district.  (Compl. at ¶ 10); 28 U.S.C. § 1391(b)(2).  Notably, Trader Joe's admits that it profits from its presence in Ohio and its sales to residents in this District, yet claims it is inconvenient for them to have to answer for this conduct in the very place where it is occurring.  (Cahan Decl., ¶ 5).

"[T]he Sixth Circuit has held that a plaintiff is not required to show that he has chosen the 'best' venue in order to meet the requirements of § 1391(b)(2)."  *Mazzella Lifting Techs., Inc. v. Farmer*, No. 1:16 CV 395, 2017 WL 4883238, at *8 (N.D. Ohio Jan. 20, 2017).  Instead, "the relevant inquiry is whether the chosen district has a substantial connection to the claim, regardless of whether other forums have greater contacts."  *Id.*  In this case, it does.

Trader Joe's directs its business activities to Ohio residents and owns and operates three retail grocery stores in this District.  (Cahan Decl., ¶ 5).  Further, Trader Joe's is subject to personal jurisdiction in the Northern District of Ohio, which they do not dispute.  Thus, the Northern District of Ohio is an appropriate venue for this action.  *See Symbolstix, LLC v. Smarty Ears, LLC*, 152 F. Supp. 3d 1027, 1037 (N.D. Ohio 2015) (finding venue appropriate where defendant was subject to personal jurisdiction).

Because venue is proper in this district, Smucker's choice of forum should be given substantial weight.  *See Airgas USA, LLC v. Pro2 Respiratory Servs., LLC*, No. 1:16-CV-00491, 2016 WL 4408788, at *2 (N.D. Ohio Aug. 19, 2016) ("If the original venue is proper, 'a plaintiff's choice of forum is given substantial weight,' unless the defendant shows that convenience and the interests of justice 'strongly favor transfer.'"); *Acosta*, 2017 WL 6505812, at *2 (same).

### B. The Balance of Convenience and Interest of Justice Strongly Favor Smucker's Chosen Forum

District courts consider several factors in deciding whether a transfer would serve the convenience of the parties and witnesses and promote the interest of justice: (1) the convenience for witnesses, (2) the location of operative facts, (3) the ability to compel unwilling witnesses, (4) the interests of justice, (5) the ease of accessing sources of proof, (6) the convenience of the parties, and (7) the plaintiff's choice of forum. *First Fin. Bank*, 697 F. Supp. 3d at 736. Trader Joe's has not and cannot show the balance of these factors strongly weighs in favor of transfer.

### 1. The convenience for witnesses and the ability to compel unwilling witnesses factors weigh against transfer.

The first and third factors weigh against transfer. "Section 1404 'does not allow for transfer to a forum that is equally convenient or inconvenient, nor does it allow for transfer if that transfer would only shift the inconvenience from one party to another.'" *Odom Indus., Inc. v. Diversified Metal Prods., Inc.*, No. 1:12-CV-309, 2012 WL 4364299, at *17 (S.D. Ohio Sept. 24, 2012). Moreover, a defendant's "generalized assertion … that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to merit transfer." *Airgas USA*, 2016 WL 4408788, at *2.

Trader Joe's contends that this factor weighs in favor of transfer because its third-party producer is located in Los Angeles County and has employees that "would likely be called to testify." (*See* Mot. at 15–16). This argument fails for multiple reasons. *First*, Trader Joe's has not specifically identified the names or titles of any of these alleged witnesses. *See Bacik v. Peek*, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993) ("The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. . . . If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be

denied."). *Second*, Trader Joe's has not asserted that any of these witnesses would be unwilling to travel to Ohio. Nor has Trader Joe's asserted that it would have any difficulty in securing these non-parties for trial. *Finally*, Trader Joe's makes no effort to explain why depositions of the potential non-party witnesses would be inadequate. Accordingly, the fact that some non-party witnesses may be outside the court's compulsion power does not weigh in favor of transfer. *See, e.g.*, *AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1343 (S.D. Ohio 1982) (denying transfer where defendant made no showing that the potential non-party witness would refuse to testify, and if it did, testimony could be presented by way of deposition).

Further, because Smucker's employee witnesses would need to travel to California, this factor weighs against transfer. *See Multilink Inc. v. Conway Corp.*, No. 1:23-CV-964, 2024 WL 2260635, at *8 (N.D. Ohio May 17, 2024) (finding convenience of the witnesses factor weighed against transfer); *AMF*, 532 F. Supp. at 1343 (finding this factor weighed against transfer where plaintiff's third party witnesses would experience hardship if required to travel to California).

### 2. The location of the operative facts and the ease of accessing sources of proof factors disfavor transfer.

The second and fifth factors also weigh against transfer. "[W]hile the location of evidence is generally a relevant factor in the § 1404(a) analysis, the location of documentary evidence is a minor consideration." *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998). "[S]ince any documents requested through discovery will, in all likelihood, be exchanged electronically, the location impact only minimally affects the burden to either party." *Multilink*, 2024 WL 2260635, at *8. Information regarding the adoption, use, and recognition of the Uncrustables Design Marks is located and maintained in this District. (Moorman Decl., ¶ 4). Further, because Trader Joe's sells the accused products at its retail stores in this District, Ohio is the location of the operative facts. *See American Eagle Outfitters, Inc. v. Retail Royalty Co.*, 457

F. Supp. 2d 474, 477 (S.D.N.Y. 2006) (finding "[i]in trademark infringement cases . . . the locus of operative facts weighs in favor of maintaining the original venue where the defendant sells the allegedly infringing products in that forum").

Trader Joe's claims that this access to proof factor weighs in favor of transfer because of the **possibility** of "in-person visits to the parties' production facilities . . . by the parties' experts." (Mot. at 17 emphasis added).  But Smucker has no production facility in California.  (Compl. at ¶ 30).  Nor does Trader Joe's identify any party expert located in California.

Unsurprisingly, Trader Joe's "argue[s] not for the convenience of 'the parties', but for the convenience of [Trader Joe's]."  *Bacik*, 888 F. Supp. at 1405.  Regardless, this asserted mere possibility does not amount to a strong showing that transfer is appropriate.  *See AMF*, 532 F. Supp. at 1345 (denying transfer where defendant contended a view of its manufacturing facility in California would be appropriate but failed to submit any facts in support).  Thus, these factors weigh against transfer.  *Id.*

### 3.  The interests of justice factor weighs against transfer.

The interests of justice weigh against transfer.  In assessing the interests of justice factor, courts consider the following: "(i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestions; (iv) the local interest in deciding local controversies at home; (v) the public polices of the fora; and (vi) the familiarity of the trial judge with the applicable state law."  *Apex Sales Agency v. Phoenix Sintered Metals, Inc.*, No. 1:06-CV-01203, 2006 WL 3022987, at *3 (N.D. Ohio Oct. 23, 2006).

As Trader Joe's acknowledges (Mot. at 20), the first two factors are neutral as a judgment from Ohio and California is equally enforceable, and no special considerations affect trial management.  With respect to docket congestion, Trader Joe's argues certain metrics "are slightly better" in the Central District of California, while acknowledging other metrics are much better in

the Northern District of Ohio, such as the number of cases currently pending and number of civil filings currently pending per judge.  (*See* Mot. at 19).  And "raw figures comparing caseloads are entitled to little weight."  *Republic Steel v. Beemac, Inc.*, No. 5:21-CV-00103, 2022 WL 2872295, at *5 (N.D. Ohio July 21, 2022).  Moreover, "the relative speed of resolution of cases between the two districts is not so different that considerations of court congestion dictate a transfer."  *Id.*  Thus, the differences in metrics between these two districts are "not so out of balance that considerations of court congestion suggest, let alone dictate, that [this Court] transfer the case out of this district."  *DISC Env't Servs., Inc. v. Usher Oil Co.*, 343 F. Supp. 3d 705, 711-12 (N.D. Ohio 2018).

The remaining factors all weigh against transfer.  Ohio has a local interest in deciding this local controversy—involving a local plaintiff and local sales of infringing products in local stores—at home.  *Handel's Enters., Inc. v. Schulenburg*, No. 4:18-CV-508, 2018 WL 3097416, at *8 (N.D. Ohio June 22, 2018) (acknowledging "[plaintiff] is an Ohio corporation, giving Ohio its own significant interest" in adjudicating the case).  Moreover, Ohio public policies in protecting its residents from confusion and deceptive trade practices, as well as protecting Ohio business from unfair competition and brand dilution, disfavor transfer.  Finally, this Court is the proper forum for adjudicating Smucker's claims arising under Ohio law.

In sum, the public interest considerations do not support transfer.  *See Am. Metal Stamping Co., LLC. v. Pittsburgh Pipe & Supply Corp.*, No. 1:21-CV-2334, 2022 WL 19349904, at *8 (N.D. Ohio June 6, 2022) (denying transfer, in part because, there "[wa]s no danger of piecemeal litigation, the Court's docket is not congested and Ohio has a strong interest in hearing a case where its resident company alleges injury.").

### 4.  The convenience of the parties does not support transfer.

"[T]his Court must consider the convenience of all parties and whether [Trader Joe's] has demonstrated that a transfer would, on balance, increase the convenience of all of the parties, and

not merely transfer inconvenience from one party to another." *Int'l Union, UAW v. ALCOA*, 875 F. Supp. 430, 433 (N.D. Ohio 1995). Trader Joe's fails to make the requisite showing, recognizing that it would be most convenient for the parties to litigate in their home states. (Mot. at 17). Trader Joe's also has not identified any particular hardship it would suffer by litigating this matter in Ohio. Nor has Trader Joe's argued that it lacks sufficient resources to litigate this case in Ohio. Thus, this factor is neutral. *See Mansour Gavin LPA v. Exclusive Grp. Holdings, Inc.*, No. 1:23-CV-02105, 2024 WL 1520437, at *3 (N.D. Ohio Apr. 3, 2024) (finding transfer is not warranted where "the marginal convenience to one party fails to offset the added inconvenience to the other").

### 5. Smucker's choice of forum strongly weighs against transfer.

"In general, a court considering a change of venue gives great deference to a plaintiff's choice of forum." *DISC Env't Servs.*, 343 F. Supp. 3d at 709. As such, this factor weighs strongly against transfer. Smucker's choice of forum is afforded substantial weight. *See United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999) ("Having chosen a forum, a plaintiff would lose any advantage if the defendant were able—by scarcely overcoming the plaintiff's choice—to pull the well-placed procedural rug from under the plaintiff's feet."). Trader Joe's argues that the Complaint contains no specific allegations locating this action in Ohio, comparing a case in which consumers bought infringing products "via third party websites." (Mot. at 18). However, Trader Joe's acknowledges that it operates "three [stores] in the Northern District" (Cahan Decl., ¶ 5), and the Complaint specifically alleges that Trader Joe's is actively selling copycat sandwiches in stores in this District (Compl. at ¶ 9). Thus, venue is proper in Ohio and this District and should remain here.

## VII. CONCLUSION

For the foregoing reasons, the Court should deny Trader Joe's' Motion.

Dated:  February 9, 2026          Respectfully submitted,

*/s/ Meredith M. Wilkes*
Meredith M. Wilkes (0073092)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mwilkes@jonesday.com

*Attorneys for The J. M. Smucker Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 9, 2026, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will send notification to all counsel of record.


*/s/ Meredith M. Wilkes*
Meredith M. Wilkes

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that foregoing Plaintiff The J. M. Smucker Company's Memorandum in Opposition to Defendant to Defendant Trader Joe's Company's Motion to Dismiss and/or to Transfer Venue complies with the page limitation set forth in Local Rule 7.1(f) for memoranda related to dispositive motions of unassigned cases.


/s/ Meredith M. Wilkes
Meredith M. Wilkes