**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE J.M. SMUCKER COMPANY**, an Ohio Corporation | ) | |
| Plaintiff, | ) | Case No. 5:25-cv-02181-JRA |
| v. | ) | Judge John R. Adams |
| **TRADER JOE'S COMPANY**, a California Corporation | ) | |
| Defendant. | ) | |

**DEFENDANT TRADER JOE'S COMPANY'S ANSWER TO PLAINTIFF THE J.M. SMUCKER COMPANY'S COMPLAINT**

Defendant Trader Joe's Company ("Trader Joe's") answers the Complaint filed by Plaintiff The J.M. Smucker Company ("Smucker") as follows:

## NATURE OF THE ACTION

1. Trader Joe's admits that Smucker's Uncrustables® sandwiches are sold in the frozen handheld category in the United States. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and Footnote 1, including as to Smucker's alleged investments and marketing expenditures, and on that basis denies them.

2. Trader Joe's admits that it sells a crustless peanut butter and strawberry jam sandwich product, images of which are shown below. Trader Joe's denies that its product is a "copycat" or that it was introduced in an effort to "trade off" of any goodwill or intellectual property of Smucker. The remainder of this Paragraph contains characterizations and legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.




3. Trader Joe's admits that there is an existing marketplace of prepackaged, frozen, thaw-and-eat crustless sandwiches. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegation regarding Smucker's belief. Trader Joe's denies that its sandwiches "use" Smucker's "intellectual property." Trader Joe's denies that its actions "constitute trademark infringement, trademark dilution, unfair competition, false designation of origin [and/or] deceptive trade practices." Trader Joe's denies that Smucker is entitled to any "damages, costs, profits, [and/or] injunctive relief." The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

**PARTIES**

4. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph regarding Smucker's corporate history and on that basis denies them. Trader Joe's admits, on information and belief, that Smucker is a corporation organized under the laws of the State of Ohio with its principal place of business at One Strawberry Lane, Orrville, Ohio.

5. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

6. Trader Joe's admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business located at 800 South Shamrock Avenue, Monrovia, California 91016. Trader Joe's admits that it operates hundreds of neighborhood grocery stores throughout the United States, including seven stores in the State of Ohio.

7. Trader Joe's admits that, in connection with the sale of certain products in its neighborhood grocery stores, it enters into private-label relationships with suppliers to sell products bearing the "Trader Joe's" brand. Trader Joe's denies that all such relationships are properly characterized as "private label relationships with nationally-recognized brands."

**JURISDICTION AND VENUE**

8. This Paragraph contains legal conclusions that do not require a response. Nevertheless, Trader Joe's states that, solely for purposes of this action, it does not presently contest that this Court has subject matter jurisdiction over the claims asserted in the Complaint.

9. This Paragraph contains legal conclusions that do not require a response. Nevertheless, Trader Joe's states that, solely for purposes of this action, it does not presently contest that this Court has personal jurisdiction over Trader Joe's. Trader Joe's admits that it operates retail stores and conducts business at various locations within the State of Ohio. Trader Joe's denies that its actions are causing harm to Smucker and its business in the State of Ohio.

10. This Paragraph contains legal conclusions that do not require a response. Nevertheless, Trader Joe's states that, solely for purposes of this action, it does not presently contest that venue is proper in this judicial district.

**FACTS COMMON TO ALL COUNTS**

11. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies them.

12. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph regarding Smucker's alleged investment and development of goodwill, and on that basis denies them. The remainder of this Paragraph contains

characterizations and legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

13. The documents and records of the United States Patent and Trademark Office ("USPTO") speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

14. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies those remaining allegations.

15. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration No. 2,623,577.

16. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

17. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies those remaining allegations.

18. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration No. 2,883,529.

19. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

20. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration No. 5,941,408. The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies those remaining allegations.

21. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

22. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration No. 7,871,982. The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies those remaining allegations.

23. Trader Joe's admits that the marks described in paragraphs 13-22 of the Complaint are referred to collectively in the Complaint as the "Uncrustables Design Marks." The remainder of this Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

24. Denied.

25. Trader Joe's admits that, as of the date of this answer, the webpage located at https://www.smuckersuncrustables.com/articles/quick-easy-lunch-ideas-for-kids includes the following sentences: "Uncrustables[] sandwiches require literally ZERO prep. You just take them out of the freezer in the morning, and they're thawed and ready to eat by lunchtime. So they're perfect for school and other on-the-go occasions." Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

26. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies any and all allegations contained in

this Paragraph. To the extent the Paragraph references websites or social media, those materials speak for themselves.

27. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies any and all allegations contained in this Paragraph.

28. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies any and all allegations contained in this Paragraph.

29. To the extent this Paragraph references a website, that material speaks for itself. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies any and all remaining allegations contained in this Paragraph.

30. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and in Footnote 2, and therefore denies any and all allegations contained in this Paragraph. To the extent Footnote 2 references a website, those materials speak for themselves.

31. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies any and all allegations contained in this Paragraph.

32. Denied.

33. Denied.

34. Trader Joe's admits that it sells a crustless sandwich with a sealed edge, images of which are shown below. Trader Joe's denies that its product was introduced "in an obvious attempt to trade off" any of the alleged Uncrustables Design Marks, and denies that its product or packaging "mimics" the alleged Uncrustables Design Marks. Trader Joe's denies that the alleged Uncrustables Design Marks are "fam[ous]." Except as expressly admitted, Trader Joe's denies the remaining allegations in this Paragraph.




35. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's denies that its packaging "mimics" Smucker's packaging or the Uncrustables Design Marks. Trader Joe's denies that Smucker has "trademark rights" in the color blue. Trader Joe's denies that its packaging uses the "same color blue" that is shown in U.S. Trademark Reg. Nos. 7,799,903 and 7,443,335. Trader Joe's denies the remaining allegations in this Paragraph.

36. The documents and records of the USPTO speak for themselves and to the extent Smucker's allegations differ, they are denied. Trader Joe's denies that Smucker holds "rights in and to the color blue in connection with sandwich products." Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Reg. Nos. 7,799,903 and 7,443,335. Except as expressly admitted, Trader Joe's denies the remaining allegations in this Paragraph.

37. This Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

38. Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies any and all allegations contained in

this Paragraph. To the extent the Paragraph references websites or social media, those materials speak for themselves.

39. To the extent this Paragraph references an article, that material speaks for itself. Trader Joe's denies all allegations of "confusion and deception." Trader Joe's denies the characterizations of its packaging and labeling. Trader Joe's denies the remaining allegations in this Paragraph.

40. Denied.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement 15 U.S.C. §§ 1114 and 1125)**

41. Trader Joe's restates its responses to the Paragraphs above.

42. This Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

43. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration Nos. 2,623,577, 2,883,529, 5,941,408, or 7,871,982.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a))**

53. Trader Joe's restates its responses to the Paragraphs above.

54. This Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

55. Trader Joe's admits that it does not have a license agreement from Smucker regarding U.S. Trademark Registration Nos. 2,623,577, 2,883,529, 5,941,408, or 7,871,982.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution 15 U.S.C. § 1125(c))

65. Trader Joe's restates its responses to the Paragraphs above.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## FOURTH CLAIM FOR RELIEF

### (Ohio Deceptive Trade Practices Act Ohio Revised Code § 4165.01 et seq.)

73. Trader Joe's restates its responses to the Paragraphs above.

74. Denied.

75. Denied.

76. Denied.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

77. Trader Joe's restates its responses to the Paragraphs above.

78. This Paragraph contains legal conclusions that do not require a response; to the extent a response is required, Trader Joe's denies them.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## PRAYER FOR RELIEF

The remaining paragraphs in the Complaint constitute Smucker's request for remedies and prayer for relief, to which no answer is required. To the extent that these Paragraphs purport to state any factual allegations, Trader Joe's denies them. All allegations in the Complaint that Trader Joe's has not expressly admitted are denied. Trader Joe's denies that Smucker is entitled to any of the relief sought in its Prayer for Relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Trader Joe's undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified below. Trader Joe's expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by discovery in this case or any other means. For its affirmative and other defenses, Trader Joe's states as follows:

### First Defense: Failure to State a Claim

Smucker's Complaint fails to state claims upon which relief can be granted.

**Second Defense: No Likelihood of Confusion**

Smucker's claims fail because there is no likelihood of confusion between Trader Joe's products and Smucker's alleged trademarks.

**Third Defense: Functionality**

Smucker's claims fail because the design elements of the Uncrustables Design Marks are functional.

**Fourth Defense: Merely Descriptive and/or Generic; Lack of Secondary Meaning**

Smucker's claims fail because the design elements of the Uncrustables Design Marks are either descriptive without secondary meaning and/or generic, with respect to crustless sandwiches.

**Fifth Defense: Good Faith Adoption**

Smucker's claims are barred in whole or in part by the doctrine of good faith adoption. Trader Joe's adopted its product design and packaging in good faith, without any intent to trade upon Smucker's alleged trademark rights.

**Sixth Defense: Waiver, Estoppel, and Acquiescence**

Smucker's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

**Seventh Defense: No Damages**

Smucker's claims and prayer for relief are barred in whole or in part because Smucker has suffered no actual damages resulting from Trader Joe's alleged conduct. Any claim for damages is speculative and unsupported by evidence.

**Eighth Defense: Failure to Mitigate**

Smucker's claims and prayer for relief are barred in whole or in part because, to the extent Smucker has suffered any damages, it has failed to take appropriate action to mitigate those alleged damages.

**Ninth Defense: No Willfulness**

Smucker's claims fail because Trader Joe's has not engaged in any willful infringement. Trader Joe's did not act with any intent to infringe or willfully disregard Smucker's alleged trademark rights.

**Tenth Defense: No Exceptional Case**

Under 15 U.S.C. § 1117(a), attorneys' fees are available only in exceptional cases. Trader Joe's conduct does not constitute exceptional misconduct, and Smucker's claim for attorneys' fees is meritless.

**Eleventh Defense: Unclean Hands & Trademark Misuse**

Smucker's claims are barred, in whole or in part, by the doctrine of unclean hands and trademark misuse.

**Twelfth Defense: No Dilution**

Smucker's dilution claims fail because Trader Joe's conduct has not diluted the distinctiveness of the Uncrustables Design Marks by blurring or tarnishment. Smucker has not established that the Uncrustables Design Marks are famous within the meaning of 15 U.S.C. § 1125(c).

**Thirteenth Defense: Res Judicata, Collateral Estoppel, Issue Preclusion**

Smucker's claims are barred, in whole or in part, by res judicata, collateral estoppel, issue preclusion, and related doctrines.

**RESERVATION OF RIGHTS**

Trader Joe's reserves the right to amend this Answer and Affirmative Defenses to add additional defenses as they become known through discovery or further development of this case, including under Federal Rule of Civil Procedure 8(c), Federal Rule of Civil Procedure 15, and/or any other applicable law.

## PRAYER FOR RELIEF

THEREFORE, Trader Joe's prays for the following relief.

A. That Smucker take nothing by its Complaint, and that Trader Joe's be awarded judgment in this action;

B. That Trader Joe's be awarded its costs and attorneys' fees in this action; and

C. For such other legal or equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Trader Joe's demands a trial by jury on all claims, defenses, affirmative defenses and issues so triable.

Dated: September 16, 2026

Respectfully submitted,

*/s/ Laura R. Washington*
Laura R. Washington (admitted *pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax
*laura.washington@lw.com*

Jennifer L. Barry (228066)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax
*jennifer.barry@lw.com*

Kevin T. Shook (0073718)
FBT GIBBONS LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215-3484
(614) 464-1211 / (614) 464-1737 Fax
*kshook@fbtgibbons.com*

*Attorneys for Defendant*
Trader Joe's Company