**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **THE J. M. SMUCKER COMPANY,** an Ohio Corporation,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>**TRADER JOE'S COMPANY,** a California Corporation,<br><br>Defendant and Counterclaimant. | Case No. 5:25-cv-2181<br><br>Judge John R. Adams<br><br>REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)(3) |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b)(3), a meeting was held on September 22, 2026, and it was attended by:

Meredith M. Wilkes and April M. Johnson of Jones Day, counsel for Plaintiff and Counter-defendant; and

Laura R. Washington and Tayler Woelcke of Latham & Watkins, LLP, counsel for Defendant and Counterclaimant.

2. The parties agreed to exchange the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order by September 30, 2026. Neither party's counsel objected to meeting this deadline during the Rule 26(f) meeting.

3. The parties recommend a Standard track.

4. Plaintiff's Position:

The parties agree that the case will be suitable for mediation at some point after initial disclosures and initial rounds of written fact discovery have been exchanged. In accordance with the Court's Case Management Conference Scheduling Order (ECF No.

14) regarding settlement efforts, to date, the parties have engaged in settlement negotiations since early 2026, beginning with communications between outside trial counsel from January 2026 through April 2026, continuing at the business level from approximately June 2026 through August 2026, and then continuing between outside trial counsel from the end of August 2026 up to the present. Despite the parties' substantial efforts, resolution could not be reached. Plaintiff submits that, depending on how settlement discussions continue, Plaintiff may need discovery into the nature and extent of the sales of the accused sandwich products by Defendant, as well as the identity of any other party involved in the sale and distribution of the accused sandwich products at issue, to better evaluate its settlement position.

Defendant's Position:

Defendant concurs that this case may be suitable for mediation at a later date. Defendant is also amenable to participating in an Early Neutral Evaluation conference at a later date. The parties have engaged in extensive settlement negotiations following the filing of the Complaint in this action, but have been unable to reach agreement.

5. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

a. The parties plan to obtain discovery through all available means under the Federal Rules of Civil Procedure and in accordance with the limits imposed by the Rules. For the sake of clarity, the parties agree that the 10-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) shall apply only to fact, and not expert, witnesses.

Plaintiff's Position:

Plaintiff currently expects to seek information and documents relating to the bases, nature, and scope of the respective claims and defenses, including at least the following topics:

i. Defendant's adoption, selection, development, and use of the packaging and accused sandwich products at issue, including any consideration of whether and to what extent such use interferes with or infringes the rights of any third party, including Defendant's intent in such selection;

ii. The degree of strength, recognition, fame, and enforceability of Plaintiff's Uncrustables Design Marks as that term is defined in the Complaint;

iii. The parties' respective goods, channels of trade, marketing, advertising, promotion, purchasing conditions, post-sale conditions under which the products at issue are encountered, as well as other marketplace conditions and the consumers of the parties' respective goods;

iv. The relatedness of the goods, the degree of care exercised by the relevant consumers, and the availability of alternative designs for the products and packaging at issue;

v. The impact of Defendant's conduct on the distinctiveness of Plaintiff's Uncrustables Design Marks;

vi. Facts related to actual confusion or likelihood of confusion;

vii. Facts related to Plaintiff's claims for dilution by tarnishment and by blurring;

viii. Defendant's total sales, revenues, costs, and profits related to the sales of the accused products or other use of the accused packaging, including any financial

information related to Plaintiff's claims for disgorgement or other monetary relief, as well as the volume of continued sales by Defendant after the Complaint was served;

ix. The identity of other parties involved directly or indirectly in Defendant's adoption, use, sale, and offer to sell its accused products in the accused packaging;

x. Facts related to the United States Trademark Registrations at issue in the Complaint, including facts bearing on the validity of those Registrations;

xi. Facts related to claims for willfulness, attorneys' fees, costs, and enhanced damages; and

xii. Facts related to any affirmative defenses or counterclaims asserted in this case, and any relief requested, including the need for and scope of injunctive relief.

<u>Defendant's Position:</u>

Defendant currently expects to seek information and documents relating to the bases, nature, and scope of the respective claims and defenses, including at least the following topics:

i. The circumstances surrounding Plaintiff's creation of the Uncrustables Design Marks as that term is defined in the Complaint;

ii. The lack of strength, recognition, fame, and enforceability of Plaintiff's Uncrustables Design Marks;

iii. Plaintiff's goods, channels of trade, marketing, advertising, and promotion related to Plaintiff's products concerning the Uncrustables Design Marks;

iv. The lack of impact of Defendant's conduct on the alleged distinctiveness of Plaintiff's Uncrustables Design Marks;

v. Facts related to the lack of confusion between the parties' products;

vi. Facts related to Plaintiff's claims for dilution by tarnishment and by blurring;

vii. Financial information related to sales concerning the Uncrustables Design Marks;

viii. Facts related to the United States Trademark Registrations at issue in the Complaint, including facts bearing on the invalidity of those Registrations;

ix. Facts related to claims for willfulness, attorneys' fees, costs, and enhanced damages;

x. Facts related to any affirmative defenses or counterclaims asserted in this case, and any relief requested, including the need for and scope of injunctive relief;

xi. The purposes of the shapes and designs of Plaintiff's crustless sandwiches; and

xii. Facts related to Plaintiff's USPTO filings that relate to the Uncrustables Design Marks.

b. Discovery cut-off dates: The parties agree to phased discovery with completion of fact discovery before expert discovery and agree to the following dates:

Fact discovery cut-off date: May 28, 2027.

Opening expert reports on issues for which the party bears the burden of proof on any issue due: June 28, 2027.

Rebuttal expert reports due: July 28, 2027.

Expert discovery cut-off date: August 27, 2027.

7. Recommended dispositive motion and *Daubert* motion date: September 30, 2027.

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: December 14, 2026.

9. Recommended date for a Status Hearing: 30 days before the fact discovery cut-off.

10. Other matters for the attention of the Court:

a. The parties are opting out of the default ESI protocol and will prepare and submit a stipulation governing the discovery of ESI.

b. The parties have agreed that a protective order is warranted given the confidential, proprietary, and competitively sensitive information that may be the subject of discovery; Plaintiff anticipates the need for a two-tier order and will provide a draft. Defendant likewise anticipates the need for a protective order encompassing separate tiers for "Confidential" and "Highly Confidential - Attorneys' Eyes Only" information.

c. The parties have discussed the possibility of remote discovery depositions. Although they have not agreed to conduct any depositions remotely, they have agreed to work in good faith to develop and agree upon a protocol for the manner in which any such remote depositions should be conducted.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Laura R. Washington* (by email consent)
Laura R. Washington (admitted *pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax
laura.washington@lw.com

Jennifer L. Barry (228066)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax
jennifer.barry@lw.com

Kevin T. Shook (0073718)
FBT GIBBONS LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215-3484
(614) 464-1211 / (614) 464-1737 Fax
kshook@fbtgibbons.com

*Attorneys for Defendant*
*Trader Joe's Company*

*/s/ Meredith M. Wilkes*
Meredith M. Wilkes (0073092)
April M. Johnson (0098781)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mwilkes@jonesday.com
amjohnson@jonesday.com

*Attorneys for The J. M. Smucker Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 8, 2026, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ Meredith M. Wilkes*
Meredith M. Wilkes