**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J.M. SMUCKER COMPANY, | ) | CASE NO. 5:25-cv-02181 |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | **CASE MANAGEMENT PLAN** |
| | ) | |
| TRADER JOE'S COMPANY, | ) | |
| | ) | |
| Defendant and Counter-Claimant. | ) | |

1. A case management conference was conducted in this case on October 14, 2026. After consultation with the parties and counsel, the Court has determined that this case will proceed on the STANDARD track.

2. The case was not referred to alternative dispute resolution.

3. The parties do not consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

4. **Discovery Generally**: Discovery shall be conducted according to the guidelines set forth in Local Rule 26.1 and according to this case management plan. Stipulations or agreements by counsel to extend deadlines will not be grounds for extending the limitations and deadlines in this plan.

   a. Fact Discovery cut-off date: May 28, 2027.

5. **Expert Witness Discovery**: A party may take a discovery deposition of its

opponent's expert witness only after the exchange of reports has occurred. The discovery depositions of an opponent's expert witness shall be completed on or before the expert discovery deadline. If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

Moreover, a party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel. The report shall contain a complete statement of all opinions of the expert as to each issue on which he/she will testify and the basis and reasons for them; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in his/her report.

a. Opening expert reports on issues for which the party bears the burden of proof on any issue due by: June 28, 2027.

b. Rebuttal expert reports due by: July 28, 2027.

c. Expert discovery cut-off date: August 27, 2027.

6. **Depositions**: For fact witnesses, the parties are limited to no more than 10 depositions per side without leave of Court.

7. **Protective Order**: The parties have informed the Court that they agree on the

appropriateness of a protective order given the confidential, proprietary, and competitively sensitive information that may be the subject of discovery. Counsel are instructed to file with the Court as soon as possible a proposed protective order for the Court's review and approval.

8. **Discovery Materials**: No discovery materials shall be filed without leave of Court except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

9. **Claiming Privilege or Protecting Trial Preparation Materials**: In compliance with Fed. R. Civ. P. 26(b)(5)(A), from the date of this order, the parties must prepare and maintain a privilege log. The log shall "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" *Id*. This log shall be provided to opposing counsel upon the exchange of documents. Parties shall follow the procedures set forth in Local Rule 37.1 as to any disputes.

10. **Discovery Disputes**: Counsel shall comply with Local Rule 37.1 before filing discovery motions. Counsel shall bring discovery disputes to the Court's attention as soon

as they arise. Otherwise, the dispute shall be deemed waived. In no event shall counsel bring a discovery dispute to the Court's attention less than 14 days prior to the discovery deadline.

11. **Witnesses**: No later than the closing date of discovery, each party shall provide all opposing counsel with a list of witnesses who are expected to be called at trial. Each attorney shall have a continuing obligation to supplement this list immediately upon learning of any additional witnesses. No witness will be permitted to testify unless his or her name is provided to opposing counsel at least ninety (90) days before trial or the closing date of discovery, whichever is later.

12. The deadline for amending pleadings and adding parties without leave of the Court: December 14, 2026.

13. **Dispositive motions (including *Daubert* motions)**: Counsel are directed to follow the briefing schedule set forth at Local Rule 7.1(d) and (e) for dispositive motions. That is, each party shall serve and file a memorandum in opposition to a dispositive motion within thirty (30) days after service of the motion. The moving party may serve and file a reply memorandum in support of its motion within fourteen (14) days after service of the memorandum in opposition. Pursuant to Fed. R. Civ. P. 6(d), three (3) days shall be added to the prescribed period if service is by mail. No surreply briefs shall be permitted absent prior leave of the Court.

a. Dispositive motions, including *Daubert* motions, shall be filed by: September 30, 2027.

14. **Courtesy copies**: Chambers will not accept courtesy copies of pleadings or

memoranda unless expressly requested by the Court. An exception to this rule is the following. Any pleading or memoranda not filed electronically and due within two (2) business days of a conference/hearing/trial shall be provided to the Court as well as to opposing counsel on the same day it is filed. Contact the Court to make arrangements at 330-252-6070.

15. **Status Reports**: Beginning forty-five (45) days from the date of this order, counsel shall submit status reports to the Court every forty-five (45) days during the pendency of this matter. Status reports are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remained pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this case management plan. These are to be procedural reports. They are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file status reports will automatically deprive a party of the right to seek extensions of time to perform any acts required under this order or under any applicable federal or local rule procedure. Repeated failures to file status reports could result in additional sanctions, including dismissal of claims or defenses under Fed. R. Civ. P. 41(b). If any party wishes to disclose in a status report sensitive procedural matters (*e.g.*, a request for a settlement conference, personal reasons why extensions of time are required), that party may submit its status report *ex parte*.

16. **Correspondence with the Court**: Parties and counsel are advised that non-motion or pleading correspondence other than referred to in this order is strongly

discouraged. Telephonic requests, notices, or inquiries are not appropriate.

17. The Court shall schedule a status conference at a future date. At that time, counsel and parties must attend and be prepared to discuss settlement. If a party is a corporation or other legal entity, a person with full settlement authority must be present.

18. **Interim Requests for a Status Conference**: Parties wishing a conference before the Court on any issues other than discovery disputes (which are covered above in this Plan) must submit a letter to the Court certifying that counsel have made a good faith effort to resolve the issues in dispute and outlining the issue(s) requiring the Court's attention.

19. **Conduct of counsel**: Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and with the Court. Pleadings which do not conform to this standard will be rejected.

IT IS SO ORDERED.

Dated: October 22, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE